IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KISHA KEY O/B/O J.D.K (minor),　　　:
　　　　　　Plaintiff,　　　　　　　　:　　　　CIVIL ACTION
　　　　　　　　　　　　　　　　　　:
　　v.　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　:　　　　NO. 19-2543
　　　　　　　　　　　　　　　　　　:
ANDREW SAUL[1],　　　　　　　　　　:
Commissioner of Social Security,　　　　:
　　　　　　Defendant.　　　　　　　　:

## MEMORANDUM OPINION

DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE　　　　　　　　　　　February 28, 2020

This action was brought pursuant to 42 U.S.C. § 405(g), seeking judicial review of the final

decision of the Commissioner of the Social Security Administration (the "Commissioner"), which

denied the application of Kisha Key on behalf of minor J.D.K. ("Plaintiff") for Disability Insurance

Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social

Security Act, 42 U.S.C. §§ 301, *et seq.* (the "Act").  Presently before the Court is "Brief in Support

of Plaintiff's Motion for Summary Judgment" ("Pl. Br.") (Doc. 14); and "Defendant's Response

to Request for Review of Plaintiff" ("Def. Br.") (Doc. 15); together with the record of the

proceedings before the Administrative Law Judge ("ALJ") (Doc. 11).  Plaintiff seeks a remand

pursuant to *Lucia*, requesting "relief in the form of a new administrative hearing before a new and

properly appointed ALJ."  (Pl. Br. at 7).  The Commissioner argues that "Plaintiff's failure to raise

her Appointments Clause challenge at any point in the administrative process forfeits her claim."

---

[1] Andrew Saul became the Acting Commissioner of Social Security on June 17, 2019.  Pursuant to
Rule 25(d) of the Federal Rules of Civil Procedure, Mr. Saul should be substituted for the former
Acting Commissioner, Nancy A. Berryhill, as the defendant in this action.  No further action need
be taken to continue this suit pursuant to section 205(g) of the Social Security Act.  42 U.S.C. §
405(g).

(Def. Br. at 12).  For the reasons set out below, we grant Plaintiff's request for review, vacate the administrative decision, and remand the matter to the Commissioner for further proceedings.

## I.    FACTUAL AND PROCEDURAL HISTORY

The request for review before the court concerns and administrative decision resolving Key's claim for SSI and DIB on behalf of minor J.D.K.  An application was filed on behalf of J.D.K. on September 10, 2016, alleging disability beginning on May 1, 2014.  (R. 129).  In her disability report she included as conditions "cerebral palsy, cognitive & speech impairments, . . . [and] possible seizure disorder."  (R. 142).  Her application was denied, and she requested review by an ALJ.  A hearing was held before an ALJ on April 2, 2018.  (R. 49–59).  At the hearing J.D.K.'s mother Kisha Key testified.

On June 22, 2018 the ALJ issued an unfavorable decision.  (R. 10–23).  The ALJ found that "the claimant does not have an impairment or combination of impairments that result in either 'marked' limitations in two domains of functioning or 'extreme' limitation in one domain functioning."  (R. 23).  The ALJ found her "not disabled."  (R. 23).  Plaintiff sought review in the Appeals Counsel but on April 11, 2019 that body declined to disturb the ALJ's decision, rendering it the final decision of the Commissioner.  (R. 1).  This litigation followed.

## II.    DISCUSSION

Plaintiff argues for remand based on the Appointments Clause, asserting that "[t]he ALJ who conducted the hearing and issued the decision in this case was not properly appointed under the Constitution's Appointments Clause at the time of the hearing and thus did not have legal authority to preside over this matter or issue an unfavorable decision."  (Pl. Br. at 2).  The ALJ who conducted his hearing on May 14, 2018 and issued a decision on June 8, 2018 had not been

"properly appointed" as of those dates.[2]  *See Lucia v. S.E.C.*, 138 S. Ct. 2044, 2055 (2018). Although the ALJ was not constitutionally appointed at the time of the hearing or decision, Plaintiff' had not raised any challenge to the appointment of the Social Security Administration Administrative Law Judge (SSA ALJ) during her administrative proceedings.  (Def. Br. at 3).  The Commissioner argues that "Plaintiff's failure to assert a challenge to the ALJ's appointment before the agency at any point in the administrative proceedings forfeited her Appointments Clause claim."  (Def. Br. at 3).

Plaintiff's position relies on the United States Supreme Court's holding in *Lucia v. SEC*, decided on June 21, 2018, that the Securities and Exchange Commission ("SEC") ALJs are "Officers of the United States" subject to the Appointments Clause.  138 S. Ct. 2044, 2049 (2018). Under the Appointments Clause, only the President, "Courts of Law," or "Heads of Departments" can appoint "Officers."  U.S. CONST. art. II, § 2, cl. 2.   As none of those actors had appointed the SEC ALJs in *Lucia*, the Supreme Court held that the appointment was in violation of the Clause.

*Lucia*'s reasoning has been applied to other ALJs in other agencies, requiring that they, as "inferior officers," be appointed according to the Appointments Clause.  *See, e.g.*, *Bank of Louisiana v. FDIC*, 919 F.3d 916, 921 (5th Cir. 2019) (FDIC ALJs); *Jones Bros., Inc. v. Sec'y of Labor*, 898 F.3d 669, 679 (6th Cir. 2018) (Department of Labor Federal Mine Safety and Health Review Commission ALJs); *Island Creek Coal Co. v. Wilkerson*, 910 F.3d 254, 257 (6th Cir. 2018) (Department of Labor Benefits Review Board ALJs).  It is uncontested the SSA ALJs were not

---

[2] The Acting Commissioner of the SSA ratified and approved the SSA ALJs' appointments on July 16, 2018.  Soc. Sec. Admin., EM-18003 REV 2, Important Information Regarding Possible Challenges to the Appointment of Administrative Law Judges in SSA's Administrative Process-Update (effective date 08/06/2018).

appointed pursuant to the Appointments Clause until July 16, 2018. Soc. Sec. Admin., EM-18003 REV 2, Important Information Regarding Possible Challenges to the Appointment of Administrative Law Judges in SSA's Administrative Process-Update (effective date 08/06/2018).

The issue of whether an Appointments Clause challenge to a SSA ALJ requires the plaintiff to have exhausted this claim during the administrative proceedings came before the Third Circuit Court of Appeals in *Cirko v. Commissioner of Social Security*, Nos. 19-1772, 19-1773, 2020 WL 370832 (3rd Cir. Jan. 23, 2020) on appeal from the United States District Court for the Middle District of Pennsylvania, where the "District Court declined to require exhaustion, vacated the agency's decisions, and remanded for new hearings before different, properly appointed ALJs." *Id.* at *1. The Commissioner appealed that decision. The court of appeals considered the purpose of the Appointments Clause and exhaustion requirements, as well as the interests of the individual in maintaining an Appointments Clause challenge as compared to the governmental interest in requiring exhaustion. Ultimately, on January 23, 2020 the court affirmed the judgment of the District Court. This opinion controls our determination here that the ALJ's ruling here be vacated and the case remanded for a new hearing before a different properly appointed ALJ.

## III. CONCLUSION

J.D.K.'s hearing took place before an ALJ not appointed in accordance with the Appointments Clause of the United States Constitution. The precedential opinion in *Cirko v. Commissioner of Social Security* requires that the ALJ's opinion be vacated, and that J.D.K.'s case be remanded for a new hearing before a different, constitutionally appointed ALJ. An appropriate order follows.

BY THE COURT:


 /s/ David R. Strawbridge, USMJ
DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE